[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Nolan,* Slip Opinion No. 2014-Ohio-4800.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4800

THE STATE OF OHIO, APPELLANT, *v.* NOLAN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Nolan,* Slip Opinion No. 2014-Ohio-4800.]**

*Criminal law—R.C. 2923.02—R.C. 2903.02(B)—Attempted felony murder is not a cognizable crime in Ohio.*

(No. 2013-1290—Submitted June 24, 2014—Decided November 5, 2014.)

APPEAL from the Court of Appeals for Portage County,

No. 2012-P-0047, 2013-Ohio-2829.

_____

SYLLABUS OF THE COURT

Attempted felony murder is not a cognizable crime in Ohio.

_____

PFEIFER, J.

{¶ 1} The state argues that "[a]n appellate district court errs in finding attempted felony murder by means of a deadly weapon is not a viable criminal offense in Ohio because that decision is in conflict with *State v. Williams*, 124

Ohio St.3d 381, 2010-Ohio-147, 922 N.E.2d 937." We disagree, and we affirm the judgment of the court of appeals.

### BACKGROUND

**{¶ 2}** After a jury trial, appellant Bobby D. Nolan was found guilty of attempted felony murder, felonious assault, and possessing a firearm while under a disability. On appeal, Nolan initially asserted three assignments of error. The court of appeals concluded that each of those assignments of error was without merit. None of those alleged errors is before us.

**{¶ 3}** Prior to issuing its opinion, the court of appeals determined that a separate question needed to be reviewed. Accordingly, it ordered supplemental briefing, and Nolan presented an additional assignment of error on the following issue: "Whether as a matter of law, the appellant can be convicted of attempted felony murder when there was no resultant death." The court resolved this issue by concluding that attempted felony murder "is not a viable criminal offense" under Ohio law because it "constitutes a logical impossibility," reversed the conviction for attempted felony murder, and remanded the cause to the trial court for further proceedings. 2013-Ohio-2829, 995 N.E.2d 902, ¶ 52-53, 64 (11th Dist.). We accepted the state's discretionary appeal. 137 Ohio St.3d 1421, 2013-Ohio-5285, 998 N.E.2d 1177.

### ANALYSIS

**{¶ 4}** As a preliminary note, we conclude that the court of appeals' decision did not conflict with *State v. Williams*, 124 Ohio St.3d 381, 2010-Ohio-147, 922 N.E.2d 937, for the simple reason that this court's majority opinion in that case did not discuss attempted felony murder. Even though the state claims that in *Williams*, "this Court expressly found a defendant may be found guilty of attempted felony murder," this court's majority opinion in *Williams* never used the term "attempted felony murder." This court's majority opinion did use a version of the term "attempted murder," with and without a hyphen, more than 40

2

times, including twice in syllabus law, but did not use the term "attempted felony murder." It is quite clear that the propriety of a conviction for attempted felony murder was not at issue in *Williams*. The opinion of the dissenting justice used the term "attempted felony murder" twice in passing, but also did not consider the propriety of a conviction for that offense. *See id*. at ¶ 30, 37. Our research indicates that those are the only two times any opinion of this court has ever used the term "attempted felony murder."

{¶ 5} The issue in this case is not whether the court of appeals issued a decision in conflict with *Williams*, but whether it is possible to commit "attempted felony murder" in Ohio. For the reasons that follow, we conclude that it is not.

{¶ 6} R.C. 2923.02, the attempt statute, states:

(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense.

{¶ 7} One obvious requisite of the statute is that a person cannot commit an attempt offense unless he or she has acted purposely or knowingly. Thus, to be convicted of an attempt crime, a defendant must be shown to have attempted to commit the crime and to have acted with the "specific intention to cause a certain result" or the "specific intention to engage in conduct" of a certain nature, R.C. 2901.22(A), or to have acted when "aware that his conduct will probably cause a certain result or will probably be of a certain nature," R.C. 2901.22(B).

{¶ 8} R.C. 2903.02(B), the felony-murder statute, states:

No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an

offense of violence that is a felony of the first or second degree * * *.

**{¶ 9}** The felony-murder statute imposes what is in essence strict liability. Though intent to commit the predicate felony is required, intent to kill is not. *See State v. Miller*, 96 Ohio St.3d 384, 2002-Ohio-4931, 775 N.E.2d 498, ¶ 31-33; *State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, 926 N.E.2d 1239, ¶ 43 (R.C. 2903.02(B) "does not contain a mens rea component"); *People v. Hernandez*, 82 N.Y.2d 309, 317, 604 N.Y.S.2d 524, 624 N.E.2d 661 (1993) ("The basic tenet of felony murder liability is that the *mens rea* of the underlying felony is imputed to the participant responsible for the killing. By operation of that legal fiction, the transferred intent allows the law to characterize a homicide, though unintended and not in the common design of the felons, as an intentional killing" [citation omitted]).

**{¶ 10}** In sum, an attempt crime must be committed purposely or knowingly and intent to kill need not be proven for the state to obtain a conviction for felony murder, so that a person can be convicted of that offense even though the death was unintended. Thus, this case devolves to an anfractuous question: Can a person be guilty of attempting to cause an unintended death? We conclude that the court of appeals correctly determined that it is impossible to purposely or knowingly cause an unintended death. Accordingly, we hold that attempted felony murder is not a cognizable crime in Ohio.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Victor V. Vigluicci, Portage County Prosecuting Attorney, and Pamela J. Holder, Assistant Prosecuting Attorney, for appellant.

Richard E. Hackerd, for appellee.

Timothy Young, Ohio Public Defender, and Allen Vender, Assistant Public Defender, urging affirmance for amicus curiae Office of the Ohio Public Defender.

_____