[Cite as *Collins v. Sweeney*, 2016-Ohio-1171.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE ex rel. KENYATTA COLLINS, | ) | |
| | ) | |
| RELATOR, | ) | CASE NO. 16 MA 0007 |
| | ) | |
| V. | ) | OPINION |
| | ) | AND |
| JUDGE MAUREEN A. SWEENEY, | ) | JUDGMENT ENTRY |
| | ) | |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS: Petitions for Writs of Mandamus and Habeas Corpus

JUDGMENT: Writ of Mandamus Granted
Writ of Habeas Corpus Dismissed

APPEARANCES:
For Relator                          Kenyatta Collins, Pro-se
                                     #651-971
                                     P.O. Box 8000
                                     Conneaut, Ohio 44030

For Respondent                       Ralph Rivera
                                     Assistant Prosecutor
                                     21 West Boardman Street, 6th Floor
                                     Youngstown, Ohio 44503-1426

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: March 18, 2016

PER CURIAM.

{¶1} Relator/Petitioner Kenyatta Collins has filed this original action on his own behalf and captioned it as a combined petition for writs of mandamus and habeas corpus. Respondent has filed a combined answer and motion for judgment on the pleadings.

{¶2} In 2014, the Mahoning County Common Pleas Court sentenced Collins to eight years in prison after he pleaded guilty to aggravated robbery and attempted murder, and the firearm specifications attendant to each of those offenses. *State v. Collins*, Mahoning C.P. No. 2012 CR 00892 (Feb. 6, 2014). Collins did not file an appeal.

{¶3} Over a year later, Collins, proceeding on his own behalf, filed a motion to vacate his conviction in the trial court on March 11, 2015. In that motion, Collins argued that his conviction for attempted murder was void because that offense is not a cognizable crime in Ohio, citing in support the Ohio Supreme Court's decision in *State v. Nolan*, 141 Ohio St.3d 454, 2014-Ohio-4800, 25 N.E.3d 1016 (holding that attempted *felony* murder is not a cognizable crime in Ohio).

{¶4} Collins is now seeking to have this Court compel the trial court to rule on his March 11, 2015 motion. Collins argues that under the Ohio Supreme Court's Rules of Superintendence, the trial court had a mandatory duty to rule on the motion within six months and has failed to do so. Although captioned as a combined petition for writs of mandamus and habeas corpus, Collins's petition does not substantively address a petition for writ of habeas corpus.

{¶5} Generally, a petitioner may file for a writ of mandamus or for a writ of procedendo to compel a court to rule on a pending motion. Entitlement to a writ of mandamus requires the relator to demonstrate: (1) they have a clear legal right to the relief, (2) the respondent has a clear legal duty to provide that relief, and (3) they have not adequate remedy at law. *State ex rel. Taxpayers for Westerville Schools v. Franklin Cty. Bd. of Elections,* 133 Ohio St.3d 153, 2012-Ohio-4267, 976 N.E.2d 890, ¶ 12. Entitlement to a writ of mandamus requires the relator to demonstrate: (1) a clear legal right to require the court to proceed, (2) a clear legal duty on the part of the court to proceed, and (3) the lack of an adequate remedy in the ordinary course

of law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas,* 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995). A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna,* 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995).

**{¶6}** Respondent argues that Collins had an adequate remedy in the ordinary course of law by way of direct appeal. Respondent's argument misconstrues the type of relief Collins is seeking in his complaint. Collins is simply seeking to have the trial court rule on his March 11, 2015 motion. Collins's pursuit of a direct appeal of his conviction and sentence would not necessarily compel the trial court to rule on his long-outstanding motion. Nor can Collins appeal a decision on his March 11, 2015 motion until it has been ruled upon by the trial court.

**{¶7}** Without citing to a specific rule, Collins argues that under the Ohio Supreme Court's Rules of Superintendence the trial court had a mandatory duty to rule on his motion within six months. A rule which is commonly referred to in cases such as these is Sup.R. 40(A)(3) which states that "[a]ll motions shall be ruled upon within one hundred twenty days from the date the motion was filed * * *." The Ohio Supreme Court has held that this rule does not give rise to an enforceable right in mandamus or procedendo. *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 8.

**{¶8}** However, in *Culgan*, the Court went on to explain how the rule should guide a court's consideration of a request to compel a ruling:

> Sup.R. 40(A)(3) imposes on trial courts a duty to rule on motions within 120 days. Although the Rules of Superintendence do not provide litigants with a right to enforce Sup.R. 40, the rule does guide this court in determining whether a trial court has unduly delayed ruling on a motion for purposes of ruling on a request for an extraordinary writ. A court that takes more than 120 days to rule on a motion risks unduly delaying the case and, as here, risks our issuing writs of mandamus

and/or procedendo to compel a ruling.

That is not to say that claims in mandamus and/or procedendo automatically lie simply because a motion remains pending longer than 120 days. Other factors may dictate that a trial court take more time to rule on a motion. For example, a judge may require longer than 120 days to rule on a motion for summary judgment in a complex case. Other factors that might delay a ruling are the need for further discovery, the possibility of settlement, and other motions pending in the case. *See State ex rel. Duncan v. DeWeese,* 5th Dist. No. 2011-CA-67, 2011-Ohio-5194, 2011 WL 4625370, ¶ 4. This is not an exhaustive list; we cannot anticipate all the factors that might allow a court, acting within its proper discretion, to delay ruling on a motion past the 120 days commanded by the rule.

Id. at ¶¶ 11-12.

**{¶9}** Applying the foregoing logic to the matter before it, the Court granted the relator's writ of procedendo noting that his motion, which was a motion to terminate postrelease control, dealt with an uncomplicated issue which had been pending in the trial court for over a year. The Court also noted that not only did the trial court's failure to rule on the motion exceed the 120 days mandated by Sup.R. 40(A)(3), but that a ruling on the motion would have mooted relator's mandamus/procedendo action and thus conserved judicial time and resources.

**{¶10}** Like the motion involved in *Culgan*, Collins's motion pending in the trial court here raises a very straightforward and simple issue, and has been pending in the trial court for a year. Thus, the trial court's failure to rule on the motion exceeds the 120 days mandated by Sup.R. 40(A)(3). As indicated, the trial court has already sentenced Collins, and there remain no other outstanding motions that need to be resolved. Accordingly, we grant a writ of mandamus to compel Judge Sweeney to rule on Collins's motion.

**{¶11}** Although Collins's combined writ does not substantively address his

petition for a writ of habeas corpus, we will address it briefly. Collins is incarcerated at the Lake Erie Correctional Institution which is located in Ashtabula County, Ohio. Since Ashtabula County is not one of the counties located within this Court's territorial jurisdiction, we lack jurisdiction over Collins's petition for writ of habeas corpus. R.C. 2725.03.

**{¶12}** In sum, we grant a writ of mandamus to compel Judge Sweeney to rule on Collins's motion and Collins's petition for writ of habeas corpus is dismissed.

**{¶13}** Costs taxed against Respondent.

Donofrio, P.J., concurs.
Waite, J., concurs.
DeGenaro, J., concurs.