[Cite as *State v. Bozek*, 2016-Ohio-1305.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO.  2015-P-0018** |
| LAWRENCE J. BOZEK, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2010 CR 0295.

Judgment:  Reversed and remanded.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH  44266 (For Plaintiff-Appellee).

*Lawrence J. Whitney,* Lawrence J. Whitney Co., L.P.A., 137 South Main Street, #201, Akron, OH  44308 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}   Appellant, Lawrence Bozek, appeals the judgment of the Portage County Court of Common Pleas denying his second petition for post-conviction relief.  At issue is whether appellant's conviction is void and, if so, what is the proper remedy?  For the reasons that follow, we reverse and remand.

{¶2}   On May 4, 2010, appellant fired multiple shots from a semi-automatic pistol at his wife, Melinda Bozek, striking her several times while holding her captive in their home.  While Melinda was trying to call 911 for help on her cell phone, appellant

shot her. In the process, he shot off the tips of two of her fingers. Further, while restraining Melinda's liberty, appellant terrorized her for hours. At one point during Melinda's ordeal, appellant stopped and left her. After this break in the violence, he returned to the room in the house where he left Melinda. He shot her several more times. When Melinda tried to leave the house, appellant shot her in the head and leg. After shooting Melinda, appellant did not attempt to help her or call for medical assistance.

{¶3} On May 13, 2010, appellant was charged in a two-count indictment with attempted murder by purposely attempting to cause Melinda's death, a felony of the first degree, with a firearm specification (Count 1), and attempted murder by attempting to cause Melinda's death as a result of committing or attempting to commit felonious assault, a felony of the first degree, with a firearm specification (Count 2). Appellant pled not guilty and not guilty by reason of insanity.

{¶4} On June 14, 2010, appellant was charged in a supplemental indictment, which reasserted the two counts in the original indictment and included five others: Counts 3 and 4 charged appellant with two additional counts of attempted murder, each with a firearm specification. Counts 5 and 6 charged appellant with two counts of felonious assault with a deadly weapon, to wit: a semi-automatic pistol, a felony of the second degree, each with a firearm specification. And, finally, Count 7 charged appellant with kidnapping, a felony of the first degree, with a firearm specification. Once again, appellant pled not guilty and not guilty by reason of insanity.

{¶5} On July 7, 2010, the trial court entered a judgment finding that the parties stipulated to a psychiatric report concluding that appellant "is sane and was sane at the time of the offense" and appellant "is competent to stand trial."

{¶6} Appellant's maximum exposure as to Counts 1, 2, 3, and 4, each charging attempted murder, was ten years on each plus three years for each specification. As to Counts 5 and 6, felonious assault, the maximum exposure was eight years for each plus three years for each specification. And, as to Count 7, kidnapping, the maximum exposure was ten years plus three years for the specification. Thus, appellant was looking at seven counts with a potential maximum term of imprisonment of 87 years.

{¶7} On August 13, 2010, pursuant to the parties' plea bargain, appellant pled guilty to Count 1, attempted murder (committed purposely), and Count 2, attempted murder (as a result of committing a felony), and to the firearm specification included in each of these counts. As part of the plea bargain, the parties also entered a joint sentencing agreement.

{¶8} In exchange for appellant's guilty plea, the state agreed to move to nolle the remaining counts.

{¶9} The trial court found appellant's guilty plea to be voluntary; accepted the plea; found appellant guilty; and dismissed the remaining counts pursuant to the state's motion. Pursuant to the parties' joint sentencing agreement, the court sentenced appellant to a mandatory term of imprisonment of three years for each specification, each term to be served consecutively to the other, for a total of six years of mandatory actual incarceration. The court also sentenced appellant to a definite term of imprisonment of seven years for each count of attempted murder. These two seven-year terms were to be served consecutively to each other and consecutively to the six-year sentence for the specifications, for a total of 20 years in prison. Appellant did not appeal his conviction or sentence.

{¶10} Seven months later, on March 18, 2011, the trial court entered a nunc pro tunc sentencing entry, which restated the original sentence with greater specificity. Appellant did not appeal that judgment either.

{¶11} Eight months later, on November 23, 2011, appellant filed his first petition for post-conviction relief. He argued his petition was untimely and that the court lacked jurisdiction to address his petition unless he met the requirements of R.C. 2953.23(A). In attempting to comply with that statute, appellant argued he was unavoidably prevented from discovering facts on which he needed to rely to timely present his claim. As to his substantive claim, appellant argued his trial attorney was ineffective because he did not adequately advise him regarding his eligibility for judicial release.

{¶12} Further, while appellant's petition was pending in the trial court, on December 1, 2011, 16 months after his conviction, appellant filed a motion for delayed appeal in this court, attempting to appeal the trial court's August 13, 2010 sentencing entry.

{¶13} In *State v. Bozek*, 11th Dist. Portage No. 2011-P-0101, 2012-Ohio-870, *discretionary appeal not allowed by the Supreme Court of Ohio at* 2012-Ohio-3054, this court denied appellant's motion for delayed appeal. *Bozek* at ¶7.

{¶14} Meanwhile, on December 5, 2014, the trial court held a status conference on appellant's petition for post-conviction relief. At that conference, the parties discussed *State v. Nolan*, 141 Ohio St.3d 454, 2014-Ohio-4800, in which the Supreme Court of Ohio recently held that attempted felony murder is not a cognizable crime in Ohio because it is impossible to commit. *Id*. at ¶5.

{¶15} On December 9, 2014, the trial court granted appellant's motion to withdraw his petition for post-conviction relief.

4

{¶16} Two months later, on January 29, 2015, appellant filed his second petition for post-conviction relief. In it, appellant incorporated his first petition by reference and added a second claim for re-sentencing under *Nolan, supra*. The trial court overruled the petition without a hearing. Appellant appeals the trial court's judgment denying his second petition for post-conviction relief, asserting three assignments of error. Because the first and third assigned errors are related, they are considered together. They allege:

{¶17} "[1.] The trial court erred in overruling appellant's petition to vacate his plea on its merits for reason [sic] that appellant did demonstrate an infringement of his constitutional rights as to render the court's judgment void or voidable.

{¶18} "[3.] The trial court erred when it failed to resentence appellant for reason [sic] that the appellant plead guilty to a crime that is not cognizable."

{¶19} In light of the Supreme Court's holding in *Nolan, supra,* appellant argues that his conviction of attempted felony murder in Count 2 of the indictment is void and asks this court to set aside only that part of his sentence and to set this matter for re-sentencing only on Count 1, attempted purposeful murder.

{¶20} In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case *or the authority to act. State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶27. Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous. *Id.* (Emphasis added.) *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶12.

{¶21} Although the trial court had subject matter jurisdiction over the case, because attempted felony murder is not a cognizable crime in Ohio, the trial court

5

lacked authority to sentence appellant and to enter an order of conviction on Count 2. Therefore, his conviction of that offense is void.

{¶22} This court has held: "A void sentence 'is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.'" *State v. Britta*, 11th Dist. Lake No. 2011-L-041, 2011-Ohio-6096, ¶14, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph one of the syllabus. "'The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment.'" *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, ¶12, quoting *Romito v. Maxwell*, 10 Ohio St.2d 266, 267-268 (1967).

{¶23} Because appellant's sentence is void, the 180-day time limitation to file a petition for post-conviction relief in R.C. 2953.21 did not begin to run and thus appellant's petition was not untimely. If a sentence is void, there is no final appealable order and the 180-day period does not begin to run until a valid sentence is imposed. *See State v. Benford*, 9th Dist. Summit No. 24828, 2010-Ohio-54, in which the court held: "[B]ecause the trial court's sentencing entry is void, there has been no judgment from which [the defendant] could file a direct appeal. * * * The time period in which he can file for post-conviction relief, therefore, has not begun to run." *Id*. at ¶8. Further, a trial court, when confronted with an untimely petition for post-conviction relief that challenges a sentence that is void, must ignore the procedural irregularities of the petition, vacate the void sentence, and resentence the defendant. *State v. Dawson*, 2d Dist. Greene No. 2012-CA-54, 2013-Ohio-1817, ¶8. Thus, appellant's argument that his petition for post-conviction relief was not untimely is irrelevant.

{¶24} However, while we hold that appellant's conviction is void, he is not entitled to the relief he seeks. In the conclusion of appellant's brief, he "asks that this Court * * * [f]ind that Appellant's plea to the Attempted Felony Murder in Count Two is a nullity and that count two of the indictment is void and remand the case to the trial court for resentencing on the one remaining count (Purposeful Murder) (sic) and the accompanying Firearm Specification." Thus, appellant asks that we find that only his plea to attempted felony murder is void and that we remand for resentencing only on his plea to attempted purposeful murder.

{¶25} The Second District addressed this issue in *State v. Peck*, 2d Dist. Clark No. 1221, 1978 Ohio App. LEXIS 11167 (Aug. 2, 1978), in which the court stated:

> {¶26} When a plea is vacated * * *, the vacation and reversal is complete as to all portions of the bargain. Both the defendant and the State are in the same position as if no agreement had been made and as if no action had been taken by the trial court on the agreement. Where more than one separate offense is involved in the agreement, all so involved may be reinstated upon vacation of the agreement. Re-indictment by the grand jury is not necessary because upon vacation all are still pending. *Id.* at *3.

{¶27} Thus, despite appellant's request that we only find his plea to attempted felony murder is void, appellant's guilty plea is void in its entirety and vacated as to all parts. On remand, the parties shall be in the same position as if no plea agreement had been entered and the trial court had not taken any action on the plea, and all counts of the indictment and the supplemental indictment shall be reinstated.

{¶28} Appellant's first and third assignments of error are sustained.

{¶29} For his second assigned error, appellant alleges:

{¶30} "The trial court erred when it failed to include in its order a finding of fact and conclusion of law."

7

{¶31} In light of our holding under appellant's first and third assigned errors, his second assignment of error is moot.

{¶32} Appellant's second assignment of error is overruled.

{¶33} For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is reversed, and this matter is remanded to the trial court for further proceedings consistent with the opinion.

TIMOTHY P. CANNON, J.,

THOMAS R. WRIGHT, J.,

concur.