[Cite as *State v. Robinson*, 2016-Ohio-2931.]

[Please see vacated opinion at 2016-Ohio-1387]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103559**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# PAUL ROBINSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-06-483238-A

**BEFORE:** Keough, P.J., E.A. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** May 12, 2016

**APPELLANT**

Paul Robinson
Inmate No. 514-468
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio 44430


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Mary McGrath
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ON RECONSIDERATION[1]

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Pursuant to App.R. 26(A)(1)(a), defendant-appellant, Paul Robinson, has filed a motion for reconsideration of this court's decision in *State v. Robinson*, 8th Dist. Cuyahoga No. 103559, 2016-Ohio-1387, which was announced on March 31, 2016.

{¶2} Under App.R. 26(A)(1)(a), the general test for whether to grant a motion for reconsideration "is whether the motion * * * calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by [the court] when it should have been." *State v. Dunbar*, 8th Dist. Cuyahoga No. 87317, 2007-Ohio-3261, ¶ 182.

{¶3} We grant Robinson's motion for reconsideration because on January 8, 2016, before this court announced it decision, Robinson filed a motion to supplement his appellate brief to assert a fourth assignment of error. This court granted Robinson's motion to supplement, but failed to address his fourth assignment of error in our decision. Accordingly, we vacate our earlier decision and issue this decision, which includes an analysis of Robinson's fourth assignment of error, in its place. Although we grant Robinson's motion for reconsideration, upon reconsideration, our decision to affirm the

---

[1]The original decision in this appeal, *State v. Robinson,* 8th Dist. Cuyahoga No. 103559, 2016-Ohio-1387, released March 31, 2016, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

trial court's judgment but remand for the trial court to enter a nunc pro tunc entry does not change.

{¶4} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1. The purpose of an accelerated appeal is to allow the court to render a brief and conclusory opinion. *State v. Priest*, 8th Dist. Cuyahoga No. 100614, 2014-Ohio-1735, ¶ 1; App.R. 11.1(E).

{¶5} On July 20, 2006, Robinson was charged with attempted murder in violation of R.C. 2923.02 and 2903.02; felonious assault in violation of R.C. 2903.11; kidnapping in violation of R.C. 2905.02; and domestic violence in violation of R.C. 2929.25. He pleaded no contest to the indictment and was convicted of attempted murder, felonious assault, kidnapping, and domestic violence.

{¶6} The trial court sentenced Robinson to an aggregate prison term of 15 years. Robinson subsequently filed a direct appeal, claiming that the trial court abused its discretion by accepting his plea, failing to grant his motion to withdraw his plea, and failing to order a competency examination before accepting his plea. He did not challenge his sentence. This court affirmed the trial court's judgment. *State v. Robinson*, 8th Dist. Cuyahoga No. 89136, 2007-Ohio-6831.

{¶7} The Ohio Supreme Court later denied Robinson's motion for leave to appeal. *State v. Robinson*, 118 Ohio St.3d 1409, 2008-Ohio-2340, 886 N.E.2d 872.

{¶8} Thereafter, Robinson filed an application with this court to reopen his appeal, asserting that he was denied the effective assistance of appellate counsel. This

court dismissed Robinson's application. *State v. Robinson*, 8th Dist. Cuyahoga No. 89136, 2009-Ohio-1679.

{¶9} In 2014, Robinson filed a motion for resentencing, arguing that his convictions should have merged as allied offenses, and that the trial court committed plain error in failing to consider the issue of merger at the time of sentencing. This court affirmed the trial court's denial of the motion, finding that the allied offenses argument was barred by the doctrine of res judicata. *State v. Robinson*, 8th Dist. Cuyahoga No. 101426, 2014-Ohio-5435, ¶ 15.

{¶10} Robinson then filed a "motion for correction of sentence and termination order," asserting that there is no such crime as attempted felony murder and challenging the imposition of postrelease control. Robinson now appeals from the trial court's denial of his motion.

{¶11} In his first assignment of error, Robinson contends that the journal entry of sentencing is ambiguous because it does not specify the order in which the sentences are to be served. As this court has previously determined, any challenge to Robinson's sentence is barred by the doctrine of res judicata because he could have raised the argument on direct appeal. And even if we were to review the merits of Robinson's argument, we would find no support for his assertion that a sentencing court commits reversible error by not expressly providing the order for service of consecutive sentences. There are statutes and rules that refer to the order of how sentences are to be served. *State v. Jackson*, 7th Dist. Mahoning No. 13 MA 121, 2014-Ohio-2249, ¶ 44, citing R.C. 2929.14(C)(1)(a),

R.C. 2929.20(C)(1)-(4), R.C. 2967.19(C)(1), and Ohio Adm. Code 5120-2-03 (finding no requirement that all sentencing entries imposing consecutive sentences contain a statement regarding the sequence of the sentences).

{¶12} In his second assignment of error, Robinson contends that he should be resentenced because the trial court did not properly impose postrelease control at sentencing. He asserts that although he was told that he would be subject to five years postrelease control, the trial court did not advise him of the consequences of a violation and did not include those consequences in the journal entry of sentencing.

{¶13} A trial court must provide statutorily compliant notification regarding postrelease control to a defendant at sentencing, including notifying the defendant of the details of postrelease control and the consequences of violating postrelease control. *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718; *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. The trial court must also incorporate notification of postrelease control in the sentencing entry. *Id.* If the trial court properly notifies the defendant about postrelease control at sentencing, but the notification is inadvertently omitted from the sentencing entry, the omission can be corrected with a nunc pro tunc entry if the defendant has not yet completed his prison term on the charges underlying the postrelease control sanction. *State v. Lawson*, 8th Dist. Cuyahoga No. 100626, 2014-Ohio-3498, ¶ 13-16. In such circumstances, the defendant is not entitled to a new sentencing hearing. *Id.*

{¶14} The transcript of the sentencing hearing reflects that the trial court advised Robinson of both postrelease control and the consequences of violating postrelease control. (Tr.179.)[2] The journal entry of sentencing contains the advisement that Robinson will be subject to five years of postrelease control but does not specify the consequences of violating postrelease control. Because Robinson has not completed his 15-year sentence for attempted murder (ten years for attempted murder with five years on the repeat violent offender specification to be served prior to and consecutive to the ten-year sentence for attempted murder), the omission can be corrected with a nunc pro tunc entry. Robinson is not entitled to a new sentencing hearing.

{¶15} In his third assignment of error, Robinson contends that his conviction for attempted felony murder is void because attempted felony murder is not a cognizable crime in Ohio. *See State v. Nolan*, 141 Ohio St.3d 454, 2014-Ohio-4800, 25 N.E.3d 1016, ¶ 10 ("[a]ttempted felony murder is not a cognizable crime in Ohio."). But Robinson was not convicted of felony murder in violation of R.C. 2903.02(B). He was convicted of attempted murder in violation of R.C. 2903.02(A) for purposely attempting to cause the death of Linda Wright.

{¶16} Robinson also asserts in this assignment of error that he should have been convicted of second instead of first-degree kidnapping because the evidence demonstrated

---

[2]The trial court stated: "You're sentenced to an effective fifteen years. You are sentenced to an additional five years of postrelease control. Your failure to abide by the terms and conditions of PRC will result in the Parole Board being able to give you 7.5 years of administrative time and/or charge you with new crimes that you can do an additional five years for."

that Wright was released unharmed in a safe place. This argument is barred by the doctrine of res judicata because Robinson could have raised it on direct appeal.

{¶17} In his fourth assignment of error, Robinson asserts that the trial court erred in imposing consecutive sentences because it did not make the findings required by R.C. 2929.14(C)(4).

{¶18} Under R.C. 2929.14(C)(4), when imposing consecutive sentences on multiple offenses, the trial court must first find the consecutive sentences "necessary to protect the public from future crime or to punish the offender." Next, the court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Finally, the trial court must find that one of the following factors applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term * * * adequately reflects the seriousness of the offender's conduct

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necesssary to protect the pubic from future crime by the offender.

{¶19} Robinson argues that the trial court erred in imposing consecutive sentences because it failed to make the necessary findings. Robinson's argument fails. First, Robinson did not challenge his sentence on direct appeal to this court and, therefore, any

argument regarding consecutive sentences is barred by the doctrine of res judicata. *State v. House*, 8th Dist. Cuyahoga No. 80939, 2003-Ohio-5066, ¶ 9.

{¶20} Moreover, Robinson's argument fails because he was sentenced to concurrent, not consecutive, sentences. The journal entry of sentencing states:

> The court imposes a prison sentence at the Lorain Correctional Institution of 15 years, 5 years on the R.V.O.S. to run prior to and consecutive to 10 years on base charge as to Count 1; 7 years on the R.V.O.S. to run prior to and consecutive with 8 years on base charge as to Count 2; 5 years on R.V.O.S. to run prior to and consecutive with 10 years on the base charge as to Count 3 and 18 months as to Count 4; *all time to run concurrent* (for a total of 15 years.) (Emphasis added.)

{¶21} The reference to "R.V.O.S." in the journal entry is to the repeat violent offender specifications associated with Counts 1, 2, and 3. The court's order that the R.V.O.S. be served consecutively to the sentence on the base charge for each of these counts does not implicated the requirements of R.C. 2929.14(C)(4) because the statute requires the statutory findings when the court imposes consecutive sentences for "multiple offenses." A specification is not an element of the underlying offense nor a separate offense in itself. Instead, a specification is a sentencing provision that enhances the penalty for the associated predicate offense. *State v. Moore*, 8th Dist. Cuyahoga No. 101658, 2015-Ohio-1026, ¶ 18 (E.T. Gallagher, J., concurring in judgment only); *State v. Noor*, 10th Dist. Franklin No. 13AP-165, 2014-Ohio-3397, ¶ 51, fn. 2.

{¶22} Accordingly, because Robinson was sentenced to concurrent sentences, the trial court was not required to make the statutory findings required by R.C. 2929.14(C)(4) for imposing consecutive sentences when it sentenced Robinson.

**{¶23}** The first, third, and fourth assignments of error are overruled. The second assignment of error regarding the imposition of postrelease control is sustained in part. We affirm the trial court's judgment denying Robinson's motion to correct his sentence but remand to the trial court to enter a nunc pro tunc entry that reflects the consequences of violating postrelease control.

**{¶24}** Judgment affirmed and remanded.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
PATRICIA ANN BLACKMON, J., CONCUR