[Cite as *State v. Maple*, 2016-Ohio-5024.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28031 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANTHONY D. MAPLE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 00 12 2812C |

DECISION AND JOURNAL ENTRY

Dated: July 20, 2016

HENSAL, Judge.

{¶1} Anthony Maple appeals a judgment of the Summit County Court of Common Pleas that denied his motion for vacation of non-cognizable crime. For the following reasons, this Court affirms.

I.

{¶2} In 2001, a jury found Mr. Maple guilty of attempted aggravated murder, aggravated robbery, and aggravated burglary. The trial court sentenced him to a total of 20 years imprisonment. Mr. Maple appealed, but this Court upheld his convictions and sentence. Since then, Mr. Maple has filed a number of motions in the trial court. Relevant to this appeal, in July 2015, Mr. Maple filed a combined motion for allied offense determination and motion for vacation of non-cognizable crime. The trial court denied his motions. Mr. Maple has appealed the denial of his motion for vacation of non-cognizable offense, assigning two errors, which we will address together.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN NOT GRANTING RELIEF ON THIS APPELLANT'S NOLAN BASED CLAIM SINCE THE OHIO SUPREME COURT RULED THAT THE CHARGE ON WHICH THIS APPELLANT IS SERVING A PRISON SENTENCE IS NOT A COGNIZABLE CRIME IN OHIO THUS VIOLATING THIS APPELLANT'S CONSTITUTIONAL RIGHTS UNDER THE 5TH AND 14TH AMENDMENTS OF THE US CONSTITUTION AND THE EQUIVALENT ARTICLES AND SECTIONS OF THE OHIO CONSTITUTION BY NOT GRANTING IMMEDIATE RELIEF.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY NOT CONDUCTING AN EVIDENTIARY HEARING WHEN CONFRONTED WITH PROOF OF A WRONGFUL INCARCERATION. THE COURT'S FAILURE, VIOLATED THIS APPELLANT'S CONSTITUTIONAL RIGHTS UNDER THE 5TH AND 14TH AMENDMENTS OF THE US CONSTITUTION AND EQUIVALENT ARTICLES AND SECTIONS OF THE OHIO CONSTITUTION.

{¶3} Mr. Maple argues that he is being held for a crime which the Ohio Supreme Court has held is not cognizable. He notes that, in *State v. Nolan*, 141 Ohio St.3d 454, 2014-Ohio-4800, the Court held that a person cannot be convicted of attempting to commit an offense under Ohio Revised Code Section 2903.02(B). *Id*. at ¶ 9-10. He also argues that the trial court should have held a hearing to determine whether *Nolan* applies to his case.

{¶4} In *Nolan*, the Supreme Court considered whether someone can attempt to commit felony murder under Section 2903.02(B). Because it is "impossible to purposely or knowingly cause an unintended death[,]" the Court held that "attempted felony murder is not a cognizable crime in Ohio." *Id*. at ¶ 10.

{¶5} Mr. Maple's convictions are not affected by *Nolan* because he was not convicted of attempted felony murder under Section 2903.02(B). Instead, he was convicted of attempted aggravated murder under Section 2903.01(B). Unlike felony murder, which occurs whenever

someone "cause[s] the death of another as a proximate result of * * * committing or attempting to commit an offense of violence that is a felony of the first or second degree[,]" aggravated murder requires that the offender "purposely cause the death of another" while committing certain specified felonies. R.C. 2903.02(B); R.C. 2903.01(B). *Nolan*'s rationale does not apply because it is possible to attempt to purposely cause the death of another while committing a different felony.

{¶6} Because *Nolan* does not support Mr. Maple's argument that he is imprisoned for a non-cognizable offense, we conclude that the trial court correctly denied Mr. Maple's motion. We also conclude that he was not entitled to a hearing on the motion. Mr. Maple's first and second assignments of error are overruled.

## III.

{¶7} The trial court correctly denied Mr. Maple's motion for vacation of non-cognizable crime. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

ANTHONY D. MAPLE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.