[Cite as *State v. Goins*, 2016-Ohio-5930.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103874**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## IDALE GOINS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-594492-B and CR-15-592669-K

**BEFORE:** McCormack, P.J., Blackmon, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** September 22, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

By: Paul Kuzmins
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Carl Mazzone
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

{¶1} Defendant-appellant Idale Goins appeals from his sentence for criminal gang activity, felonious assault, having weapons while under disability, firearm specification, and gang activity specification. For the reasons that follow, we affirm.

{¶2} In January 2015, Goins was charged in a multiple count indictment along with several codefendants in Cuyahoga C.P. No. CR-15-592669. Goins was charged with criminal gang activity, engaging in a pattern of corrupt activity, conspiracy, attempted murder, felonious assault, improperly handling firearms in a motor vehicle, discharge of firearms on or near prohibited premises, improper discharge of firearm at or into habitation or school, criminal damaging, and having weapons while under disability, along with several specifications. In March 2015, Goins was charged in a multiple count indictment along with one codefendant in Cuyahoga C.P. No. CR-15-594492. In this case, Goins was charged with trafficking, drug possession, possessing criminal tools, and illegal use or possession of drug paraphernalia. Both indictments stem from Goins's participation as an active member of the Cutthroat gang.

{¶3} In September 2015, Goins entered into a plea agreement in both cases. In CR-15- 592669, he pleaded guilty to an amended indictment as follows: participating in a criminal gang in violation of R.C. 2923.42(A) (a felony of the second degree); felonious assault in violation of R.C. 2903.11(A)(2) (a felony of the second degree); criminal gang activity specification in violation of R.C. 2941.142(A); a firearm specification in violation

of R.C. 2941.145(A); and having a weapon under disability in violation of R.C. 2923.13(A)(2)(a felony of the third degree). In exchange, the state agreed to nolle the remaining charges and specifications.

{¶4} In CR-15-594492, Goins pleaded guilty to drug trafficking in violation of R.C. 2925.03(A)(2)(a felony of the second degree). The state agreed to nolle the remaining counts.

{¶5} On October 15, 2015, the trial court sentenced Goins to five years in prison on the drug trafficking charge in CR-15-594492. In CR-15-592669, the court sentenced Goins to seven years on the criminal gang activity, seven years on the felonious assault, and 36 months on having a weapon under disability, to be served concurrently. The court ordered the sentences in CR-15-594492 and CR-15-592669 to be served concurrently. The court also sentenced Goins to three years on the firearm specification and three years on the gang activity specification, to be served "prior to and consecutive with" the seven years for the base charge of felonious assault. The aggregate sentence imposed was 13 years.

{¶6} Goins now appeals his sentence, assigning one error for our review: The sentence is contrary to law because the court imposed a consecutive sentence without making the necessary findings.

{¶7} R.C. 2953.08(G)(2) provides that when reviewing felony sentences, the appellate court may overturn the imposition of consecutive sentences where the reviewing court "clearly and convincingly" finds that (1) "the record does not support the sentencing

court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."

**{¶8}** In Ohio, there is a presumption that prison sentences should be served concurrently, unless the trial court makes the findings outlined in R.C. 2929.14(C)(4) to justify consecutive service of the prison terms. *State v. Cox*, 8th Dist. Cuyahoga No. 102629, 2016-Ohio-20, ¶ 3; R.C. 2929.41(A). R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 20-22.

**{¶9}** An exception to this general rule concerns the imposition of consecutive sentences for certain firearm specifications. R.C. 2929.14(C)(1)(a) requires that a trial

court impose a prison term for a firearm specification consecutively to the prison term imposed for the underlying felony. *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 21. Because the statute mandates the imposition of consecutive sentences for the firearm specifications, the trial court is therefore not required to make R.C. 2929.14(C)(4) findings before imposing a consecutive sentence. *Id*.

{¶10} Here, the trial court ordered Goins's underlying offenses to be served concurrently; however, it ordered the firearm specification and the gang activity specification to be served consecutively. Because the statute required the trial court to impose a consecutive sentence on the firearm specification, the court was not required to make consecutive sentence findings as it related to that specification. The only remaining issue, therefore, is whether the trial court's imposition of a consecutive sentence on the gang specification, without findings, was contrary to law.

{¶11} This court has held that R.C. 2929.14(C)(4) consecutive sentence findings do not apply to specifications. *See State v. Robinson*, 8th Dist. Cuyahoga No. 103559, 2016-Ohio-2931 (repeat violent offender specifications); *State v. James*, 8th Dist. Cuyahoga No. 102604, 2015-Ohio-4987, ¶ 41 (third discretionary firearm specification); *see also State v. Nitsche*, 8th Dist. Cuyahoga No. 103174, 2016-Ohio-3170.

{¶12} The consecutive sentencing statute applies to "multiple prison terms [that] are imposed on an offender for convictions of multiple *offenses*[.]" (Emphasis added.) R.C. 2929.14(C)(4). A specification is a sentencing enhancement; it is not a separate criminal offense. *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶

16-17 (a specification is a sentencing enhancement that attaches to a predicate offense). "By its own terms, R.C. 2929.14(C)(4) does not apply to penalty enhancing specifications." *James* at ¶ 47. Thus, where a defendant is sentenced to concurrent sentences on the underlying charges, the trial court is not required to make R.C. 2929.14(C)(4) findings when it orders the specification to be served consecutively. *Robinson* at ¶ 22.

{¶13} Here, Goins was sentenced to three years on the gang activity specification in accordance with R.C. 2941.142 and 2929.14(G), to be served consecutively to the underlying offense of felonious assault.[1] Because R.C. 2929.14(C)(4) does not apply to a penalty enhancement specification and, therefore, consecutive sentence findings are not required and where Goins was sentenced to concurrent sentences on the underlying offenses, the court's consecutive sentence as it related to the gang activity specification was not clearly and convincingly contrary to law.

{¶14} Goins's assignment of error is overruled.

{¶15} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

---

[1] R.C. 2941.142 provides for the imposition of a mandatory prison term of one, two, or three years pursuant to [R.C. 2929.14(G)] upon an offender who committed a felony that is an offense of violence while participating in a criminal gang.

R.C. 2929.14(G) states that "[i]f an offender who is convicted of or pleads guilty to a felony that is an offense of violence also is convicted of or pleads guilty to a specification of the type described in [R.C. 2941.142, criminal gang activity], that charges the offender with having committed the felony while participating in a criminal gang, the court shall impose upon the offender an additional prison term of one, two, or three years."

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR