[Cite as *State v. Collins*, 2017-Ohio-648.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 16 MA 0045 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| KENYATTA COLLINS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from the Court of Common Pleas of Mahoning County, Ohio
Case No. 2012 CR 892

JUDGMENT:      Affirmed.

APPEARANCES:

For Plaintiff-Appellee:      Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman St., 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant:      Kenyatta Collins, *pro se*
Inmate No. 651-971
Trumbull Correctional Camp
P.O. Box 640
5701 Burnett Road
Leavittsburg, Ohio 44430

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: February 22, 2017

ROBB, P.J.

{¶1} Defendant-Appellant Kenyatta Collins appeals the judgment of the Mahoning County Common Pleas Court overruling his "Motion To Vacate Non-Cognizable Offense." He asserts his conviction of attempted murder is void. He relies on the Ohio Supreme Court's *Nolan* case. However, *Nolan* was a pronouncement on the non-cognizable charge of "attempted felony murder." In that case, the attempt statute was improperly applied to the type of murder defined by division (B) of R.C. 2903.02. Appellant was convicted of an attempt to commit the type of murder defined by division (A) of R.C. 2903.02, which requires a purpose to cause the death of another. This is a cognizable offense. Accordingly, the trial court's judgment is affirmed.

STATEMENT OF THE CASE

{¶2} On August 14, 2012, Appellant asked the victim to meet him at a club in Youngstown. When the victim arrived, he was robbed and shot. Appellant was indicted for: attempted murder under R.C. 2903.02(A) and R.C 2923.02(A), for engaging in conduct which, if successful, would have resulted in the offense of purposely causing the death of another; aggravated robbery under R.C. 2911.02(A)(1), for having and indicating possession of a deadly weapon while knowingly committing, attempting, or fleeing from a theft offense; felonious assault under R.C. 2903.11 (A)(2), for knowingly causing physical harm to another by means of a deadly weapon; and three firearm specifications. A superseding indictment was issued adding Willie Daniel, Jr. as a co-defendant.

{¶3} On the day trial was to begin, Appellant entered a guilty plea to attempted murder under R.C. 2903.02(A) and R.C. 2923.02(A), aggravated robbery under R.C. 2911.02(A)(1), and two firearm specifications. (The felonious assault charge was nolled.) Under the November 2, 2013 plea agreement, the state agreed to recommend five years on each count to run concurrently plus three years for the merged firearm specifications for a total of eight years. The sentencing hearing proceeded on January 13, 2014. The trial court imposed the recommended sentence. Appellant did not appeal from the February 6, 2014 sentencing order.

**{¶4}** On March 11, 2015, Appellant filed a motion to vacate his attempted murder conviction. His motion claimed attempted murder was a non-cognizable offense due to the Ohio Supreme Court's *Nolan* case. He urged a conviction for a non-cognizable offense would be void. He noted a void judgment can be attacked at any time.

**{¶5}** After ten months without a ruling, Appellant filed an original action in this court against the trial judge. The judge filed an answer arguing Appellant had no clear right to have his conviction vacated and had an adequate legal remedy through a direct appeal. On March 21, 2016, we ordered the trial court to issue a ruling on Appellant's March 11, 2015 motion. *See State ex rel. Collins v. Sweeney*, 7th Dist. No. 16 MA 0007, 2016-Ohio-1171, ¶ 6-10 (noting the judge's argument misconstrued the type of relief sought in the mandamus action: "he is simply seeking to have the trial court rule on his March 11, 2015 motion"), citing *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564.

**{¶6}** On April 1, 2016, the trial court overruled Appellant's motion to vacate his attempted murder conviction. The court's entry noted, "The State of Ohio objects to said Motion." As Appellant points out, however, the docket shows the state never responded to his March 11, 2015 motion. Appellant filed a timely notice of appeal from the trial court's April 1, 2016 judgment.

<u>MURDER & ATTEMPT STATUTES</u>

**{¶7}** Pursuant to R.C. 2903.02(A), "No person shall purposely cause the death of another or the unlawful termination of another's pregnancy." Effective June 30, 1998, a second type of murder was added under division (B), which states: "No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree and that is not a violation of section 2903.03 or 2903.04 of the Revised Code." R.C. 2903.02(B). A conviction under either division (A) or (B) is officially labeled "murder." R.C. 2903.02(D).

**{¶8}** The offense described by division (B) is more specifically known as "felony murder." *See, e.g., State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, 926 N.E.2d 1239, ¶ 43. There is no mens rea component contained in the felony murder

statute. *Id.*, citing *State v. Miller*, 96 Ohio St.3d 384, 2002-Ohio-4931, 775 N.E.2d 498, ¶ 31-33 (a defendant can commit felony murder even if there was no intent to cause a death). "Rather, a person commits felony murder pursuant to R.C. 2903.02(B) by proximately causing another's death while possessing the mens rea element set forth in the underlying felony offense. In other words, the predicate offense contains the mens rea element for felony murder." *Fry*, 125 Ohio St.3d 163 at ¶ 73.

**{¶9}** The general attempt statute provides: "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(A). "Whoever violates this section is guilty of an attempt to commit an offense." R.C. 2923.02(E)(1). This subdivision also specifies that an attempt to commit murder is a felony of the first degree. *Id.*

<u>ASSIGNMENT OF ERROR: APPLICATION OF *NOLAN*</u>

**{¶10}** Appellant's sole assignment of error alleges:

"THE TRIAL COURT DENIED APPELLANT DUE PROCESS OF LAW AND EQUAL PROTECTION UNDER THE LAW, WHEN THAT COURT FAILED TO VACATE VOID JUDGMENT ON NON-COGNIZABLE OFFENSE."

**{¶11}** Appellant asks this court to apply the Ohio Supreme Court's *Nolan* holding to his attempted murder conviction. In *Nolan*, the Court reviewed an "attempted felony murder" conviction under the attempt statute and division (B) of the murder statute. *State v. Nolan*, 141 Ohio St.3d 454, 2014-Ohio-4800, 25 N.E.3d 1016. The Court concluded it is not possible to commit "attempted felony murder" in Ohio. ¶ 5. In accordance: "Attempted felony murder is not a cognizable crime in Ohio." *Id.* at syllabus. The Supreme Court explained how an attempt offense requires the mens rea of purposely or knowingly. *See id.* at ¶ 6-7, 10, citing R.C. 2923.02(A). However,

> intent to kill need not be proven for the state to obtain a conviction for
> felony murder, so that a person can be convicted of that offense even
> though the death was unintended. Thus, this case devolves to an
> anfractuous question: Can a person be guilty of attempting to cause an

> unintended death? We conclude that the court of appeals correctly determined that it is impossible to purposely or knowingly cause an unintended death. Accordingly, we hold that attempted felony murder is not a cognizable crime in Ohio.

*Id.* at ¶ 10.

**{¶12}** The state initially contends Appellant's argument is barred by the doctrine of res judicata as he could have raised this argument via direct appeal but failed to appeal from his conviction. Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *See, e.g., State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996), syllabus; *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

**{¶13}** To counter this argument, Appellant relies on the proposition that a void judgment can be attacked at any time. "A void judgment is a nullity and open to collateral attack at any time." *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, ¶ 46 ("The statement that void judgments are not open to collateral attack and that attacks on void judgments can be defeated by the doctrine of res judicata is mistaken."). *See also State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7 (a void sanction can be reviewed at any time); *Westmoreland v. Valley Homes Mut. Hsg. Corp.*, 42 Ohio St.2d 291, 294, 328 N.E.2d 406 (1975) (a court has inherent authority to vacate a void judgment), citing Staff Note to Civ.R. 60(B) (1970) ("Any court has inherent power to vacate a void judgment without the vacation being subject to a time limitation.").

**{¶14}** Appellant then asserts that a conviction for a non-cognizable offense is void. He fails to cite a case directly supporting this conclusion; however, we note the Eleventh District has held: "Although the trial court had subject matter jurisdiction over the case, because attempted felony murder is not a cognizable crime in Ohio, the trial court lacked authority to sentence appellant and to enter an order of conviction on Count 2. Therefore, his conviction of that offense is void." *State v. Bozek*, 11th Dist. No. 2015-P-0018, 2016-Ohio-1305, ¶ 21 (where the defendant was

actually convicted of attempted felony murder). We need not express an opinion on this holding here.

**{¶15}** As the state points out, the Ohio Supreme Court's *Nolan* case has no application to Appellant's case. As reviewed supra, *Nolan* dealt with a conviction of an attempt to commit a murder under R.C. 2903.02(B), also known as "felony murder." Appellant was not convicted by way of division (B). Appellant was convicted of an attempt to commit a murder under *division (A)* of R.C. 2903.02 for attempting to purposely cause a death. He was indicted for this offense, he pled guilty to this offense, and he was convicted of this offense.

**{¶16}** That the attempted murder may have occurred contemporaneously with Appellant's commission of an aggravated robbery does not detract from the separate offense of attempted murder. *See State v. Maple*, 9th Dist. No. 28031, 2016-Ohio-5024, ¶ 5 ("*Nolan's* rationale does not apply because it is possible to attempt to purposely cause the death of another while committing a different felony.") In other words, the state was not merely accusing Appellant of attempting to cause a death as a proximate result of the aggravated robbery. Rather, he was accused of and pled guilty to an attempt to *purposely* cause a death.

**{¶17}** In summary, *Nolan* merely held that an attempt to commit murder under *division (B)* of R.C. 2903.02 (or "attempted felony murder") is a non-cognizable offense. The case had no effect on the pre-existing offense of attempting to commit a murder under division (A) of R.C. 2903.02. *See State v. Robinson*, 8th Dist. 103559, 2016-Ohio-2931, ¶ 15 (a defendant convicted of attempted murder under division (A) of a murder statute cannot use *Nolan* to argue the offense is non-cognizable). Appellant was convicted of attempted murder under R.C. 2903.02(A). Attempted murder under R.C. 2903.02(A) is a cognizable offense. *See id. See generally State v. Bryan,* 101 Ohio St.3d 272, 2004-Ohio-971, 804 N.E.2d 433, ¶ 115-121 (finding sufficient evidence the defendant purposely attempted to cause the victim's death under division (A) of R.C. 2903.02 and the attempt statute); *State v. Kidder*, 32 Ohio St.3d 279, 283, 513 N.E.2d 311 (1987) ("The elements of attempted murder, as defined by R.C. 2923.02 and 2903.02, are (1) purposely, (2) engaging in conduct which, if successful, would (3) cause another's death.").

**{¶18}** Accordingly, Appellant's argument is without merit. The judgment of the trial court is affirmed.

Donofrio, J., concurs.

Waite, J., concurs.