[Cite as *State v. Beatty-Jones*, 2019-Ohio-3386.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28234 |
| | : | |
| v. | : | Trial Court Case No. 2010-CR-983 |
| | : | |
| CHRISTOPHER S. BEATTY-JONES | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of August, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

MICHAEL HALLOCK, JR., Atty. Reg. No. 0084630, P.O. Box 292017, Dayton, Ohio 45429
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Christopher S. Beatty-Jones appeals from a judgment of the Montgomery County Court of Common Pleas following his resentencing due to the vacation of his attempted felony murder conviction.   For the following reasons, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 2} One night in March 2010, James Locker and William St. Peter, who were security guards at an apartment complex, approached Beatty-Jones as he returned to his car in a guest parking lot.   When the guards patted down Beatty-Jones for their safety, a struggle ensued.   During the confrontation, Beatty-Jones pulled out a gun and shot at St. Peter four times, hitting him in his bulletproof vest, his side, his forearm, and his thumb. St. Peter fell to the ground.   Beatty-Jones then fired four or five times upon Locker. When St. Peter got to his feet and turned around, he saw Locker on the ground and Beatty-Jones running away.   Beatty-Jones was arrested later that morning.   Locker died a few days later.

{¶ 3} Beatty-Jones was charged with and, after a jury trial, found guilty of six charges, each with a firearm specification.   Counts 1, 2 and 3 – felonious assault (serious physical harm), felonious assault (deadly weapon), and attempted felony murder – concerned the assault on St. Peter.   Counts 4, 5, and 6 -- felonious assault (serious physical harm), felonious assault (deadly weapon), and felony murder – related to the assault on and death of Locker.

{¶ 4} At sentencing, the trial court merged Counts 1, 2, and 3 and the accompanying firearm specifications and imposed seven years in prison on Count 3

(attempted felony murder), along with an additional three-year term for the firearm specification to be served consecutively and prior to the seven-year sentence. The court also merged Counts 4, 5, and 6 and the accompanying firearm specifications and sentenced Beatty-Jones on Count 6 (felony murder) to fifteen years to life in prison, plus an additional three years for the firearm specification to be served consecutively and prior to the definite sentence. The sentence for Count 6 was to be served consecutively to Count 3. Beatty-Jones's aggregate sentence was 28 years to life in prison.

{¶ 5} We affirmed Beatty-Jones's conviction on direct appeal. *State v. Beatty-Jones*, 2d Dist. Montgomery No. 24245, 2011-Ohio-3719. Beatty-Jones sought post-conviction relief, which was denied. We affirmed the trial court's judgment. *State v. Beatty-Jones*, 2d Dist. Montgomery No. 27328, 2017-Ohio-2605.

{¶ 6} In July 2017, Beatty-Jones filed a motion to vacate his conviction for attempted felony murder on the ground that attempted felony murder was not a cognizable offense in Ohio, pursuant to *State v. Nolan*, 141 Ohio St.3d 454, 2014-Ohio-4800, 25 N.E.3d 1016. The State opposed the motion, claiming that the motion was untimely and barred by res judicata. The trial court ordered the State to file a memorandum addressing the issue raised in Beatty-Jones's motion. The State's reply memorandum agreed that Beatty-Jones's conviction for attempted felony murder (Count 3) was void, and it "agree[d] that this defendant should be appointed legal counsel and re-sentenced on all of his charges except Count 3 (Attempt to Commit Murder)."

{¶ 7} On November 28, 2017, the trial court granted Beatty-Jones's motion to vacate the attempted felony murder conviction and scheduled a resentencing hearing.

{¶ 8} The trial court resentenced Beatty-Jones on December 11, 2017. At the

hearing, the State reiterated that Beatty-Jones should be resentenced on all charges. It asserted that Counts 1 and 2 and their accompanying specifications should be merged for sentencing and requested sentencing on Count 1. The prosecutor asked the trial court to impose seven years in prison on Count 1, the same sentence that had previously been imposed for the offenses related to St. Peter. The prosecutor also asked the trial court to re-impose the same sentence for Counts 4, 5, and 6 as previously imposed. The State's requested aggregate sentence again was 28 years to life in prison.

{¶ 9} Defense counsel raised three matters with the trial court. First, counsel asked the court to merge all firearm specifications into a single specification. Counsel argued that the merger of offenses and the merger of specifications involved different analyses. Second, counsel argued, citing *Willoughby v. Lukehart*, 39 Ohio App.3d 74, 529 N.E.2d 206 (11th Dist.), that the trial court lacked jurisdiction to resentence Beatty-Jones due to an unjustified and lengthy delay between the conviction and resentencing. Third, counsel requested a new trial on the felonious assault charges concerning St. Peter, so that Beatty-Jones could be tried without the jury's hearing about the attempted felony murder charge. The trial court rejected each of defense counsel's arguments.

{¶ 10} The court merged Counts 1 and 2 and the accompanying firearm specifications and sentenced Beatty-Jones on Count 1 (felonious assault – serious physical harm). It imposed seven years in prison, plus three years for the firearm specification. It also resentenced Beatty-Jones on Counts 4, 5, and 6, reimposing the same sentence previously imposed for murder and the firearm specification. The court ran the sentences consecutively, again for a total of 28 years to life in prison.

{¶ 11} Beatty-Jones appeals from the trial court's amended judgment entry, raising

three assignments of error.

## II. Jurisdiction to Resentence Beatty-Jones

{¶ 12} In his first assignment of error, Beatty-Jones claims that the trial court lacked jurisdiction to resentence him. Beatty-Jones relies on *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, for his assertion that the trial court lacked authority to modify its 2010 judgment.

{¶ 13} As Beatty-Jones contends, a trial court generally lacks jurisdiction to modify its own valid final judgment in a criminal case. *See, e.g., State v. Baker*, 2d Dist. Greene No. 2017-CA-55, 2018-Ohio-1865, ¶ 21; *State v. Plemons*, 2d Dist. Montgomery Nos. 26434, 26435, 26436 & 26437, 2015-Ohio-2879, ¶ 21.

{¶ 14} However, "[w]here offenses are merged for sentencing and the conviction for the offense upon which the defendant was sentenced is vacated, the trial court must resentence the defendant on the offense that was merged with the vacated offense, again merging any offenses as appropriate." *Baker* at ¶ 22. Of particular relevance, in *State v. Harwell*, 2d Dist. Montgomery No. 25852, 2015-Ohio-2966, we vacated the defendant's two convictions for attempted felony murder on the authority of *Nolan* and remanded "for purposes of resentencing the counts and firearm specifications that merged with attempted felony murder." *Id.* at ¶ 90. The same circumstances exist here. Upon vacation of Beatty-Jones's attempted felony murder conviction, the trial court had jurisdiction to resentence Beatty-Jones on the two felonious assault counts (Counts 1 and 2) and their accompanying firearm specifications, which had been merged in the now-vacated attempted felony murder count.

{¶ 15} At the resentencing hearing, the trial court conducted a de novo sentencing

hearing, resentencing Beatty-Jones on all of the charges. The State had asserted, citing *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, that such an approach was appropriate.

**{¶ 16}** *Boswell* was one of many Ohio Supreme Court cases addressing a trial court's failure to properly impose post-release control at sentencing. *Boswell* cited *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, for the following proposition: "Because a sentence that does not conform to statutory mandates requiring the imposition of postrelease control is a nullity and void, it must be vacated. The effect of vacating the sentence places the parties in the same position they would have been in had there been no sentence." *Boswell* at ¶ 8, quoting *Simpkins* at ¶ 22. *Simpkins*, in turn, relied on *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, which held that a defendant was entitled to a de novo sentencing hearing upon the vacation of his conviction due to the court's failure to properly impose post-release control. *See Bezak* at ¶ 6.

**{¶ 17}** The Ohio Supreme Court overruled *Bezak* in *State v. Fischer*, 128 Ohio St.3d 892, 2010-Ohio-6238, 942 N.E.2d 332. Under *Fischer*, when a judge fails to impose the required post-release control as part of a defendant's sentence, "that *part* of the sentence is void and must be set aside." (Emphasis sic.) *Fischer* at ¶ 26; *see also State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7. The improper post-release control sanction "may be reviewed at any time, on direct appeal or by collateral attack." *Fischer* at ¶ 27. However, "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id.* at ¶ 40; *Boyd v. State*, 2d Dist. Montgomery No.

27553, 2018-Ohio-108, ¶ 33.

{¶ 18} Because Beatty-Jones's conviction for attempted felony murder was void, the trial court correctly resentenced Beatty-Jones on the two counts and specifications that were merged with the attempted felony murder conviction. However, the merger of Counts 4, 5, and 6 and Beatty-Jones's conviction for murder with a firearm specification were not void; those counts and specifications were unaffected by the vacation of Beatty-Jones's attempted felony murder conviction. Accordingly, Beatty-Jones's conviction for murder with a firearm specification remained final, and the trial court did not have jurisdiction to resentence him on those offenses. *Accord State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15 (on remand for a new sentencing hearing for allied offenses of similar import, only the sentences for offenses affected by the error are reviewed de novo; sentences for offenses not affected by the error are not vacated and are not subject to review). Nevertheless, because the trial court again merged Counts 4, 5, and 6 and imposed the same sentence that previously had been imposed on those counts, the trial court's amended judgment with respect to those counts mirrors the original judgment on those counts.

{¶ 19} Beatty-Jones's assignment of error is overruled with respect to Counts 1, 2, and 3. Beatty-Jones's assignment of error is sustained as to Counts 4, 5, and 6, but in light of the fact that the trial court imposed the same sentence, the error does not affect the amended judgment.

### III. Firearm Specifications

{¶ 20} In his second assignment of error, Beatty-Jones claims that the trial court erred in failing to merge all of the firearm specifications into a single specification.

Beatty-Jones argues that he engaged in "one criminal adventure" and that the shootings occurred "at nearly the same time and in the very same transaction."

{¶ 21} We rejected this argument in Beatty-Jones's direct appeal. We stated:

The sentencing statute in effect requires a court to merge into a single specification all the firearm specifications attached to felonies committed in the same "transaction." *See* R.C. 2929.14(D)(1)(b).[1] Here the trial court determined that, because there were two victims, there were two transactions. Beatty-Jones contends that there was only one. We agree with the trial court.

"Transaction" here means "a series of continuous acts bound together by time, space and purpose, and directed toward a single objective." *State v. Wills* (1994), 69 Ohio St.3d 690, 691 (Citation omitted.). The commission of multiple crimes constitutes only one transaction if "the defendant 'had a common purpose in committing [the] crimes' and engaged in a 'single criminal adventure.' " *State v. Like*, Montgomery App. No. 21991, 2008-Ohio-1873, at ¶ 40 (Citation omitted.). When the crimes create multiple victims, there is a single transaction if the evidence shows that the defendant's criminal objectives were focused on each victim individually (e.g., murdering/raping/robbing this victim) rather than on something more abstract (e.g., robbing this car, regardless of who is inside; shooting into a crowd, regardless of who is in it). Therefore "[t]he focus of the inquiry is

---

[1] The sentencing statute regarding firearm specifications is now codified in R.C. 2929.14(B). The substance of the provisions has not changed.

'on the defendant's overall criminal objectives.' " *State v. Stevens*, 179 Ohio App.3d 97, 2008-Ohio-5775, at ¶ 5 (Citation omitted.).

Beatty-Jones had two separate criminal objectives, one focused on St. Peter and one on Locker. *See State v. Hughes* (Jan. 21, 1999), Cuyahoga App. No. 73279 (concluding that the trial court did not err by finding two objectives where defendant was convicted of murdering one police officer and attempting to murder a second during a shootout). Had he not succeeded in attempting to murder, specifically, St. Peter or succeeded in murdering, specifically, Locker he would not have reached his criminal objectives.

Although not argued by the state, we note that the "same transaction" rule does not actually apply here. Identified explicitly in R.C. 2929.14(D)(1)(b) is the exception to the rule in R.C. 2929.14(D)(1)(g), which states:

"If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies is aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (D)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (D)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its

discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications."

Each of the felony types that Beatty-Jones was convicted of (felonious assault, attempted murder, murder) is listed in the exception. And in connection with each he was convicted of a division (D)(1)(a) firearm specification (the one described in R.C. 2941.145). For the firearm specifications, therefore, the court was required, by law, to impose two prison terms. *See State v. Cash,* Summit App. No. 24975, 2010-Ohio-4454, at ¶ 20 (affirming the trial court's imposition of two 3-year terms for firearm specifications as complying with R.C. 2929.14(D)(1)(g)).

(Footnote added.) *Beatty-Jones*, 2d Dist. Montgomery No. 24245, 2011-Ohio-3719, ¶ 11-16.

**{¶ 22}** We agree with our prior analysis. For those same reasons, we conclude that the trial court did not err in failing to merge the firearm specification in Count 1 with the firearm specification in Count 6 and in separately sentencing Beatty-Jones at the resentencing hearing for the firearm specification attached to Count 1.

**{¶ 23}** Beatty-Jones's second assignment of error is overruled.

### IV. Imposition of Post-Release Control

**{¶ 24}** In his third assignment of error, Beatty-Jones claims that the trial court erred in imposing post-release control on Count 1, because he had already served his sentence for that offense. Beatty-Jones states that, when the resentencing hearing was held, he had already served eight years in prison.

**{¶ 25}** The Ohio Supreme Court has held that "[a] trial court does not have the

authority to resentence a defendant for the purpose of adding a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense." *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, paragraph three of the syllabus. We conclude that *Holdcroft* does not apply for two reasons.

{¶ 26} First, Beatty-Jones was not sentenced on Count 1 (felonious assault) until the resentencing hearing in December 2018. Count 1 was originally merged with Count 3 (attempted felony murder), and no sentence was imposed on Count 1 at Beatty-Jones's 2010 sentencing. Post-release control was imposed as to Count 1, for the first time, at the resentencing hearing; post-release control was not "added" to a previously-imposed sentence on Count 1.

{¶ 27} Second, even if we were to consider the time that Beatty-Jones was incarcerated for attempted felony murder as time served for the merged felonious assault, the record does not reflect that Beatty-Jones had completely served his sentence. The trial court imposed three years in prison for the firearm specification attached to Count 3; that term was to be served consecutively to and prior to the seven-year sentence for attempted felonious assault. Because the first three years of Beatty-Jones's incarceration did not count toward his seven-year sentence on Count 3, Beatty-Jones had not completely served his sentence for attempted felony murder prior to the resentencing hearing. Upon resentencing, Beatty-Jones received the same seven-year sentence for Count 1 (felonious assault), along with three years for the firearm specification. Even with credit for the time served on the attempted felony murder, Beatty-Jones had not completely served the sentence imposed on Count 1 when the resentencing hearing

occurred.

**{¶ 28}** Beatty-Jones's third assignment of error is overruled.

### V. Conclusion

**{¶ 29}** The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies sent to:

Mathias H. Heck
Andrew T. French
Michael Hallock, Jr.
Hon. E. Gerald Parker, Jr.