[Cite as *State v. Smith*, 2019-Ohio-3591.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28307 |
| | : | |
| v. | : | Trial Court Case No. 2004-CR-3554 |
| | : | |
| RONALD A. SMITH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 6th day of September, 2019.

. . . . . . . . . .

MATHIAS H. HECK, JR., by LISA M. LIGHT, Atty. Reg. No. 0097348, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

RONALD A. SMITH, #A516-443, P.O. Box 7010, Chillicothe, Ohio 45601
      Defendant-Appellant, Pro Se

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Ronald A. Smith, pro se, appeals from a judgment of the Montgomery County Court of Common Pleas, which denied, without a hearing, his motion for leave to file a motion for new trial and his motion for new trial.[1] For the following reasons, the trial court's judgment will be affirmed.

## I. Procedural History

{¶ 2} In October 2004, Smith was indicted for aggravated burglary (deadly weapon) and aggravated robbery (deadly weapon).[2] Smith received appointed counsel, who filed a demand for discovery, a motion for a bill of particulars, a request for notice of the State's intention to use certain evidence-in-chief, motions to suppress, and the defendant's witness list. While his case was pending, Smith also filed numerous pro se motions, including motions for new counsel, a motion for change of venue, motions to dismiss and for evidentiary hearings, a motion to reduce or modify bond, and a motion for a scheduling conference. The trial court denied all of Smith's pro se motions.

{¶ 3} In September 2005, the matter proceeded to a jury trial, during which Smith was represented by the same counsel. The jury found Smith guilty of aggravated burglary and aggravated robbery, as charged. Following the jury's verdicts, Smith brought several additional pro se motions, including multiple motions for a new trial, a motion for a judgment of acquittal, and multiple motions for new counsel/ineffective assistance of counsel. Each of these motions was overruled.

---

[1] In the same judgment entry, the trial court also overruled Smith's motion for resentencing. Smith does not appeal that portion of the trial court's ruling.

[2] We set forth the underlying facts of this case in our opinion on Smith's direct appeal. *State v. Smith*, 2d Dist. Montgomery Nos. 21463 & 22334, 2008-Ohio-6330, ¶ 3-8. Those facts are not pertinent to the issues raised in this appeal.

{¶ 4} After a sentencing hearing in January 2006, during which Smith continued to be represented by the same counsel, the trial court sentenced Smith to consecutive ten-year prison terms, for a total sentence of 20 years in prison. We affirmed Smith's convictions on direct appeal. *State v. Smith*, 2d Dist. Montgomery Nos. 21463 & 22334, 2008-Ohio-6330.

{¶ 5} Since his conviction, Smith has filed numerous motions for a new trial or for leave to file such a motion. Of relevance here, on June 22, 2018, Smith filed a motion for leave to file a motion for new trial, claiming that the trial court subjected him to illegal hybrid representation on multiple occasions. Specifically, Smith stated that the trial court refused to entertain a February 15, 2006 pro se motion for a new trial because he was represented by counsel, but the trial court addressed several prior pro se motions while Smith was represented by counsel. Smith argued that, due to ineffective assistance of counsel, he had no knowledge of his current basis for a new trial, i.e., that he was subjected to illegal hybrid representation. Smith supported his motion with an affidavit of verity, a copy of the trial court's docket as of September 8, 2010, and the trial court's decision denying the February 15, 2006 motion. Smith filed a motion for new trial, citing illegal hybrid representation, on July 30, 2018.

{¶ 6} The State responded to Smith's motions, arguing that Smith presented no evidence that he was unavoidably prevented from filing his motion for new trial in a timely manner and that Smith presented no newly discovered evidence. On February 13, 2019, the trial court overruled Smith's motion for leave to file a motion for new trial and the motion for new trial, adopting the reasoning set forth by the State. Smith appeals from the trial court's ruling.

## II. New Trial Motions

{¶ 7} In his sole assignment of error, Smith claims that the trial court abused its discretion by denying his motion for leave to file a motion for new trial without first conducting an evidentiary hearing.

{¶ 8} Motions for a new trial are governed by Crim.R. 33. A new trial may be granted if any of several grounds exist that materially affected the defendant's substantial rights, including (1) "irregularity in the proceedings * * * because of which the defendant was prevented from having a fair trial," (2) misconduct of the jury, (3) accident or surprise which ordinary prudence could not have guarded against, (4) the verdict is not sustained by sufficient evidence or is contrary to law, (5) error of law occurring at trial, and (6) newly discovered evidence. Crim.R. 33(A).

{¶ 9} When the basis for the new trial is not newly discovered evidence, a motion for new trial must be made within 14 days after the jury's verdict is rendered. Crim.R. 33(B). If the time period in Crim.R. 33(B) has expired, as here, the defendant must first seek leave of the trial court to file a delayed motion for a new trial. *State v. Harwell*, 2d Dist. Montgomery No. 28104, 2019-Ohio-643, ¶ 16.

{¶ 10} "To obtain leave, defendant must demonstrate by clear and convincing evidence that he or she was unavoidably prevented from timely filing the motion for a new trial or discovering the new evidence within the time period provided by Crim.R. 33(B)." (Citations omitted.) *Id.*, quoting *State v. Warwick*, 2d Dist. Champaign No. 01CA33, 2002 WL 1585663, *2 (July 19, 2002). "The reference to 'clear and convincing proof' means something more than bare allegations or statements in a motion." *State v. Morris*, 2d Dist. Montgomery No. 26949, 2017-Ohio-1196, ¶ 19. "A defendant is entitled to a

hearing on a motion for leave to seek a new trial if he [or she] submits documents that on their face support his [or her] claim of being unavoidably prevented from meeting Crim.R. 33's time requirement." *State v. Hiler*, 2d Dist. Montgomery No. 27364, 2017-Ohio-7636, ¶ 12, citing *State v. Lanier*, 2d Dist. Clark No. 2009 CA 84, 2010-Ohio-2921, ¶ 16.

**{¶ 11}** " '[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence.' " *State v. Parker*, 178 Ohio App.3d 574, 2008-Ohio-5178, 899 N.E.2d 183, ¶ 16 (2d Dist.), quoting *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984). Conversely, a defendant fails to demonstrate that he or she was unavoidably prevented from discovering the new evidence or the basis of the claim when he or she would have discovered that information earlier with due diligence and some effort. *See State v. Lenoir*, 2d Dist. Montgomery No. 26846, 2016-Ohio-4981, ¶ 24, citing *State v. Metcalf*, 2d Dist. Montgomery No. 26101, 2015-Ohio-3507, ¶ 11, citing *Warwick*.

**{¶ 12}** "Crim.R. 33 does not set forth any specific time strictures as to when a motion for new trial may be filed after unavoidable prevention has been found." *State v. Warren*, 2017-Ohio-853, 86 N.E.3d 728, ¶ 50 (2d Dist.), quoting *State v. Bentley*, 2016-Ohio-3290, 66 N.E.3d 180, ¶ 15 (11th Dist.). However, a trial court may require a defendant to file his or her motion for leave to file a motion for new trial within a reasonable time after discovering the new evidence or ground for relief. *E.g., id.; State v. Tubbs*, 2d Dist. Miami No. 2015-CA-14, 2016-Ohio-842, ¶ 16. The trial court must determine whether any undue delay "was reasonable under the circumstances or that the defendant

has adequately explained the reason for the delay." *Warren* at ¶ 50.

**{¶ 13}** We review the trial court's denial of leave to file a motion for a new trial for an abuse of discretion. *State v. Devaughns*, 2d Dist. Montgomery No. 25826, 2015-Ohio-452, ¶ 15. An abuse of discretion occurs when the decision of a court is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 14}** It is undisputed that Smith was required to obtain leave to file a delayed motion for a new trial. The jury found Smith guilty in September 2005. He did not file this motion for leave to file a motion for new trial until June 2018, nearly 13 years later, which was well beyond the time limitations in Crim.R. 33(B). Thus, Smith was required to establish by clear and convincing evidence that he was unavoidably prevented from timely filing the motion for a new trial within the time period provided by Crim.R. 33(B).

**{¶ 15}** In his appellate brief, Smith states that, while represented by trial counsel, he filed more than 20 pro se motions "which counsel refused to author." Smith asserts that the trial court subjected him to illegal hybrid representation when the court ruled on those motions. Smith indicates that he became aware that the trial court was subjecting him to illegal hybrid representation on February 17, 2006, when the court wrote:

On February 15, 2006, the Defendant, Ronald A. Smith, filed a pro se *Application for New Trial 2945.80 Newly Discovered Evidence*. Mr. Smith filed this pro se motion even though he is represented by counsel. While this Court has permitted Smith to file pro se motions on many occasions in the past, this Court is no longer willing to permit him to continue to do so. The Ohio Supreme Court, in *State v. Martin* (2004), 103 Ohio

St.3d 385, held:

> This court has held that "neither the United States Constitution, the Ohio Constitution nor case law mandates * * * hybrid representation. See *McKaskle v. Wiggins* (1984), 465 U.S. 168 [104 S.Ct. 944, 79 L.Ed.2d 122]. Although appellant has the right either to appear pro se or to have counsel, he has no corresponding right to act as co-counsel on his own behalf." *State v. Thompson* (1987), 33 Ohio St.3d 1, 6-7, 514 N.E.2d 407.
>
> Today we reaffirm and hold that in Ohio, a criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel. However, these two rights are independent of each other and may not be asserted simultaneously. *Parren v. State* (1987), 39 Md. 260, 269, 523 A.2d 597.

Id. at 390-391. Smith's a [sic] pro se *Application for New Trial 2945.80 Newly Discovered Evidence* is overruled.

Smith notes that February 15, 2006 was "well over the 14-day parameters of Crim.R. 33" for filing a motion for new trial.

{¶ 16} In its responsive brief, the State emphasizes that Smith was not unavoidably prevented from discovering the alleged hybrid representation "until now," given that the February 17, 2006 entry made Smith aware that he could not file pro se motions while represented by counsel. The State argues: "All of Smith's claims in this appeal arise

from events occurring during the course of the trial. In his brief, Smith asserts absolutely no reason why he was unavoidably prevented from filing this motion for leave until June 22, 2018, when he had all of this information in February of 2006." The State thus argues that Smith's delay in filing his motion for leave was unreasonable.

{¶ 17} The State further claims that Smith's motion was barred under the doctrine of res judicata. It states that, since his conviction, Smith has filed 19 successive motions for new trial and three motions for leave to file a motion for new trial. The State argues that the issue raised in this motion – illegal hybrid representation – could have been presented earlier and has, in fact, been raised and rejected. Specifically, the State notes that we denied Smith's application to reopen his direct appeal, in part stating that appellate counsel did not act ineffectively in failing to raise as an assignment of error that Smith was subject to hybrid representation.

{¶ 18} Upon review of the record in this case, we find no abuse of discretion in the trial court's denial of Smith's motion for leave to file a motion for new trial or of Smith's motion for new trial. Smith acknowledges that he first became aware of the hybrid representation issue in February 2006. Smith offers no explanation as to why he did not raise this issue in a prior motion for leave to file a motion for new trial and/or motion for new trial, and we conclude that the 12-year delay between the trial court's February 2006 decision and Smith's June 2018 motion for leave to file motion for new trial based on "illegal hybrid representation" was unreasonable. The trial court reasonably denied Smith's motion for leave as untimely and, in the absence of leave, the court reasonably overruled Smith's motion for a new trial. Additionally, even if Smith's motion were deemed timely, Smith has failed to articulate how his substantial rights were materially

affected by the trial court's consideration of his pro se motions while his case was pending.

**{¶ 19}** Smith's assignment of error is overruled.

### III. Conclusion

**{¶ 20}** The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck
Lisa M. Light
Ronald A. Smith
Hon. Mary E. Montgomery