[Cite as *State v. Howard*, 2021-Ohio-1739.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-16 |
| | : | |
| v. | : | Trial Court Case No. 2003-CR-1002 |
| | : | |
| CECIL W. HOWARD | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of May, 2021.

. . . . . . . . . . .

IAN RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

ANDREW SCHLUETER, Atty. Reg. No. 0086701, P.O. Box 96, Xenia, Ohio 45385
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Cecil W. Howard appeals from a judgment of the Clark County Court of Common Pleas, which denied his motion for a new trial and for leave to file the motion. Howard's appointed counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he cannot not find any non-frivolous issues on appeal and requesting permission to withdraw. Upon our independent review, we agree with counsel's assessment. Thus, counsel's request to withdraw is granted, and the trial court's judgment will be affirmed.

## Facts and Procedural History

{¶ 2} In 2004, Howard was convicted after a jury trial of attempted murder with a firearm specification, aggravated robbery with a firearm specification, and having a weapon while under disability. The charges stemmed from the armed robbery of the Beverage Oasis Drive Through in Springfield by Howard and an accomplice, during which one of the perpetrators exchanged gunfire with the store's owner, Clifford Conley. Three employees and an employee's wife were in the store when the robbery began.

{¶ 3} At sentencing, the trial court imposed nine years in prison for attempted murder, nine years in prison for aggravated robbery, and four years in prison for having a weapon while under disability, to be served consecutively. After merging the firearm specifications, the court imposed an additional three years on the specification. Howard's aggregate sentence was 25 years in prison. We affirmed Howard's conviction on direct appeal. *State v. Howard*, 2d Dist. Clark No. 2004-CA-29, 2005-Ohio-2237.

{¶ 4} Howard appealed to the Ohio Supreme Court. Upon review, the supreme court vacated Howard's sentence and remanded the case to the trial court for resentencing in accordance with *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845

N.E.2d 470. *In re Ohio Criminal Sentencing Statute Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174, ¶ 68. At the 2006 resentencing hearing, the trial court imposed 10 years each for attempted murder and aggravated robbery, five years for having weapons while under disability, and three years for the firearm specification, for an aggregate sentence of 28 years in prison. We affirmed the trial court's sentence. *State v. Howard*, 174 Ohio App.3d 562, 2007-Ohio-4334, 883 N.E.2d 1077 (2d Dist.).

{¶ 5} Howard filed a motion to merge his sentence and vacate his conviction, which the trial court denied. Howard again appealed, arguing that his indictment was deficient because it contained no mens rea for the charge of aggravated robbery under R.C. 2911.01(A)(1) and that his attempted murder and aggravated robbery convictions were allied offenses of similar import that should have been merged. We concluded that Howard's claims were barred by res judicata and affirmed. *State v. Howard*, 2d Dist. Clark No. 2008-CA-87, 2009-Ohio-3432.

{¶ 6} Nine years later, on December 14, 2018, Howard filed a motion for a new trial, pursuant to Crim.R. 33(B), and for leave to file the motion. He claimed that, due to ineffective assistance of counsel, four errors occurred: (1) he was found guilty of attempted murder without requiring the State to provide proof beyond a reasonable doubt due to the interplay between the murder statute and the attempt statute, (2) he was found guilty of aggravated robbery without requiring the State to provide proof beyond a reasonable doubt due to differences between the aggravated robbery statute and the attempt statute, (3) the trial court failed to instruct the jury on the differences between the offense statutes and the attempt statute, and (4) his counsel rendered ineffective assistance by failing to raise these arguments. In essence, Howard asserted that the

offense and attempted statutes involved different degrees of the offense and, thus, different maximum penalties. Because the State did not present facts to prove the higher degree, Howard states, his convictions for attempted murder and aggravated robbery must be vacated.

{¶ 7} Recognizing that his motion was untimely, Howard's motion further stated that "because of the ineffective assistance of his trial counsel, he was unavoidably prevented from discovery of the facts underlying his instant claims." Howard also asserted that, because of the "structural constitutional errors" in his case, no reasonable factfinder would have found him guilty of attempted murder and aggravated robbery, and thus he established a "colorable claim of actual innocence as required under O.R.C. §2953.23 and Ohio Criminal Rule 33(B)."

{¶ 8} On January 18, 2019, the trial court overruled the motion. The court reasoned that Howard had failed to meet his burden to provide new evidence, his motion was untimely, and he failed to show any evidence that there was a strong probability that the result of a new trial would be different.

{¶ 9} On March 1, 2019, Howard appealed from the trial court's ruling, and he sought leave to file a delayed appeal, which we granted. Howard's original appellate counsel subsequently filed an *Anders* brief and requested permission to withdraw. Counsel indicated that Howard had misconstrued the indictment and sentencing statutes, and that he was properly convicted of attempted murder and aggravated robbery as first-degree felonies. Counsel could find no non-frivolous issues for appeal.

{¶ 10} Upon our initial review, we commented that Howard's motion "can be construed as a motion seeking to vacate the attempted murder conviction." Noting that

attempted felony murder is not a cognizable offense, but attempted murder under R.C. 2903.02(A) and R.C. 2923.02 is possible, we found that the record was insufficient to determine the statutory basis for Howard's attempted murder conviction. We thus rejected counsel's *Anders* brief, appointed new counsel, and instructed new counsel to supplement the record so it could be determined whether the attempted murder conviction was attempted felony murder (R.C. 2903.02(B)) or attempted purposeful murder (R.C. 2903.02(A)). Counsel was further instructed to review the entire record, determine whether any non-frivolous issues exist, and file either a merit brief or an *Anders* brief, as appropriate.

{¶ 11} After supplementing the record with transcripts, Howard's new appellate counsel filed another *Anders* brief. Counsel raises three potential assignments of error: (1) whether the trial court abused its discretion in overruling Howard's motion for a new trial; (2) whether the trial court abused its discretion in overruling Howard's motion recast as a petition for postconviction relief; and (3) whether the trial court erred in overruling Howard's motion recast as a motion to vacate his attempted murder conviction. We notified Howard that his attorney had filed an *Anders* brief and granted him 60 days to file a pro se brief. Howard has filed a pro se brief, repeating the arguments he made in his motion for a new trial.

{¶ 12} The matter is now before us for our independent review.

### *Anders* Standard

{¶ 13} Upon the filing of an *Anders* brief, an appellate court has a duty to determine, "after a full examination of the proceedings," whether the appeal is, in fact, "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v.*

*Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).   An issue is not frivolous based upon a conclusion that the State has a strong responsive argument.   *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.   A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal."   *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8.   If we find that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the defendant.

### *Anders* Review

**A. Motion for a New Trial**

{¶ 14} Crim.R. 33 governs motions for new trial and sets forth the following six grounds for securing a new trial: (1) irregularity in the proceedings that deprived the defendant of a fair trial; (2) misconduct of the jury, prosecutor, or a state's witness; (3) accident or surprise that ordinary prudence would not have guarded against; (4) the verdict was not sustained by sufficient evidence; (5) legal error during trial; or (6) new evidence material to the defense has been discovered that could not have been discovered with reasonable diligence in time for trial.   Crim.R. 33(A).

{¶ 15} In general, a motion for a new trial must be filed within 14 days after the verdict was rendered.   Crim.R. 33(B).   A motion for a new trial on account of newly discovered evidence must be filed within 120 days after the verdict.   Crim.R. 33(B).   If, as here, the relevant time period has expired, the defendant must first seek leave of the trial court to file a delayed motion for a new trial.   *State v. Harwell*, 2d Dist. Montgomery No. 28104, 2019-Ohio-643, ¶ 16.

{¶ 16} "To obtain leave, defendant must demonstrate by clear and convincing

evidence that he or she was unavoidably prevented from timely filing the motion for a new trial or discovering the new evidence within the time period provided by Crim.R. 33(B)." *State v. Warwick*, 2d Dist. Champaign No. 01CA33, 2002 WL 1585663, *2 (July 19, 2002); *State v. DeVaughns*, 2d Dist. Montgomery No. 28370, 2020-Ohio-2850, ¶ 12. "The reference to 'clear and convincing proof' means something more than bare allegations or statements in a motion." *State v. Morris*, 2d Dist. Montgomery No. 26949, 2017-Ohio-1196, ¶ 19. "A defendant is entitled to a hearing on a motion for leave to seek a new trial if he [or she] submits documents that on their face support his [or her] claim of being unavoidably prevented from meeting Crim.R. 33's time requirement." *State v. Hiler*, 2d Dist. Montgomery No. 27364, 2017-Ohio-7636, ¶ 12, citing *State v. Lanier*, 2d Dist. Clark No. 2009-CA-84, 2010-Ohio-2921, ¶ 16.

{¶ 17} " '[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence.' " *State v. Parker*, 178 Ohio App.3d 574, 2008-Ohio-5178, 899 N.E.2d 183, ¶ 16 (2d Dist.), quoting *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984); *State v. Reed*, 2d Dist. Montgomery No. 28272, 2019-Ohio-3295, ¶ 30. "Conversely, a defendant fails to demonstrate that he or she was unavoidably prevented from discovering the new evidence or the basis of the claim when he or she would have discovered that information earlier with due diligence and some effort." *State v. Smith*, 2d Dist. Montgomery No. 28307, 2019-Ohio-3591, ¶ 11.

{¶ 18} Howard's motion for a new trial was filed in December 2018, more than 14

years after his conviction, which was well beyond the time limitations in Crim.R. 33(B). Thus, Howard was required to establish by clear and convincing evidence that he was unavoidably prevented from timely filing the motion for a new trial or discovering the new evidence within the time period provided by Crim.R. 33(B).

{¶ 19} Although Howard's motion states that it is based on newly discovered evidence, Howard has identified no new evidence to support his motion for a new trial. In his supporting affidavit, Howard avers that he was not told by his trial counsel that he could file a motion for a new trial, that his attorney did not confer and consult with him about the claims he now advances, and that he "discovered the facts underlying my instant claims" within the past 120 days. Howard's affidavit does not support a conclusion that he has any newly discovered evidence.

{¶ 20} Howard's motion appears to claim that his convictions were based on errors of law. Specifically, Howard argues that the statutes defining attempted murder and aggravated robbery have different maximum penalties than in the attempt statute. He reasons, therefore, that the State was required to prove, and the jury was required to make factual findings, that additional facts supported the charges as first-degree felonies. Howard contends that, in the absence of those additional factual findings, he should have been acquitted of both offenses.

{¶ 21} Howard's explanation for not filing a timely motion for a new trial was that his attorney did not properly confer and consult with him regarding the time constraints of Crim.R. 33 and the issues. "We generally have held that a defendant's lack of knowledge of time limitations, even due to the failure of his attorney to notify him of such, does not establish that a defendant was 'unavoidably prevented' from filing a timely

motion." (Citation omitted.) *State v. Harwell*, 2d Dist. Montgomery No. 28104, 2019-Ohio-643, ¶ 22.

{¶ 22} In addition, Howard's bases for his motion for a new trial were alleged legal errors at trial, and he cites to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and its progeny. Howard has neither asserted nor demonstrated that he could not have learned of the existence of that ground for a new trial within the time limitations of Crim.R. 33(B). In addition, because *Apprendi* was decided prior to his conviction, Howard has not shown that he is relying on a new right that applies to him retroactively.

{¶ 23} We recognize that two of the cases Howard cites -- *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) – were rendered shortly after his conviction. However, Howard has not attempted to explain the more than decade delay in filing his motion for a new trial. Moreover, Howard expressly argued at his 2006 resentencing hearing that he was "entitled to the minimum and concurrent sentences pursuant to the 6th and 4th amendments of *Blakely v. Washington*. The *Foster* decision in this case would violate the ex post facto and due process clauses of the United States Constitution." Under the doctrine of res judicata, Howard is barred from raising claims under this case law in this motion for a new trial.

{¶ 24} We find no arguably meritorious claim that the trial court abused its discretion in denying Howard's motion for a new trial and for leave to file his untimely motion.

**B. Petition for Postconviction Relief**

{¶ 25} In his motion, Howard did not expressly state that he was seeking relief under the postconviction relief statutes. However, he claimed that his motion was timely under R.C. 2953.23.

{¶ 26} "The nature of a motion is not necessarily governed by its title." *State v. Housley*, 2d Dist. Miami No. 2019-CA-12, 2020-Ohio-1143, ¶ 15. Trial courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged. *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 10.

{¶ 27} "When a motion is filed subsequent to a direct appeal (or the expiration of time for filing a direct appeal), claims the denial of constitutional rights, seeks to render the judgment of conviction void, and asks for vacation of the judgment and sentence, the motion is properly construed as a petition for postconviction relief." *Housley* at ¶ 15, citing, *e.g., State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997); *State v. Cline*, 2d Dist. Champaign No. 2013-CA-51, 2014-Ohio-4503, ¶ 7. Howard's motion meets the criteria for a petition for postconviction relief.

{¶ 28} R.C. 2953.21(A)(2) provides that when a direct appeal is involved, a postconviction relief petition must be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." A trial court may not entertain an untimely post-conviction relief petition unless the petitioner initially demonstrates either (1) the petition was not timely filed because he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation.

R.C. 2953.23(A)(1)(a). "The phrase 'unavoidably prevented' in R.C. 2953.23(A)(1)(a) means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence." *State v. Oglesby*, 2d Dist. Montgomery No. 27626, 2018-Ohio-871, ¶ 13, quoting *State v. Turner*, 10th Dist. Franklin No. 06AP-876, 2007-Ohio-1468, ¶ 11.

{¶ 29} Even if we were to construe Howard's motion as a petition for postconviction relief, his petition would be untimely for the same reasons that his motion for a new trial was untimely. Howard has not demonstrated that he was unavoidably prevented from discovering the facts supporting his claim, and he has not shown that the United States Supreme Court has recognized a new right that applies retroactively to him.

{¶ 30} We find no arguably meritorious claim that the untimeliness of Howard's motion, construed as a petition for postconviction relief, was excused under R.C. 2953.23.

### C. Motion to Vacate

{¶ 31} Finally, we find no non-frivolous issues when construing Howard's motion as a motion to vacate his convictions for attempted murder and aggravated robbery.

{¶ 32} The offense of murder is set forth in R.C. 2903.02, which provides in relevant part:

(A) No person shall purposely cause the death of another or the unlawful termination of another's pregnancy.

(B) No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree and that is not a violation of section 2903.03 or 2903.04 of the Revised Code.

{¶ 33} The attempt statute, R.C. 2923.02, further provides: "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(A).

{¶ 34} The Ohio Supreme Court has held that "attempted felony murder is not a cognizable crime in Ohio." *State v. Nolan*, 141 Ohio St.3d 454, 2014-Ohio-4800, 25 N.E.3d 1016, ¶ 10. The supreme court reasoned that the attempt statute, R.C. 2923.02, requires that an attempt offense be committed purposely or knowingly, but the felony murder statute, R.C. 2903.02(B), does not require the State to establish that the defendant intended to kill. The court summarized: "[I[t is impossible to purposely or knowingly cause an unintended death." *Id.* at ¶ 10. We have held that a conviction for attempted felony murder is void. *See State v. Beatty-Jones*, 2d Dist. Montgomery No. 28234, 2019-Ohio-3386, ¶ 18.

{¶ 35} In contrast, an attempted murder conviction under R.C. 2923.02 and R.C. 2903.02(A) is a cognizable offense. *State v. Collins*, 7th Dist. Mahoning No. 16 MA 0045, 2017-Ohio-648, ¶ 17, citing *State v. Bryan*, 101 Ohio St.3d 272, 2004-Ohio-971, 804 N.E.2d 433, ¶ 115-121, and *State v. Kidder*, 32 Ohio St.3d 279, 283, 513 N.E.2d 311 (1987). This is so because a murder conviction under R.C. 2903.02(A) "requires a purpose to cause the death of another." *See Collins* at ¶ 1.

{¶ 36} Here, the record reflects that Howard was convicted of attempting to commit purposeful murder, in violation of R.C. 2903.02(A). Count One of the indictment, alleging attempted murder, stated that Howard "purposely engage[d] in conduct that if successful would constitute or result in the offense of murder, in violation of Sections 2923.02 and

2903.02 of the Ohio Revised Code." At trial, the court instructed the jury that "murder" is "purposely causing the death of another," which mirrored the language of R.C. 2903.02(A). The court continued: "A 'criminal attempt' means that defendant engaged in conduct which if successful would have constituted or resulted in purposely causing the death of Clifford Conley." In short, the court provided instructions on attempted murder based on R.C. 2903.02(A). It did not provide instructions on attempted felony murder. Consequently, we find no arguably meritorious claim that Howard's attempted murder conviction was void as a non-cognizable offense.

{¶ 37} Howard argues that there are "factual and element difference[s] between a violation of R.C. 2903.02(A) and R.C. 2923.02(A)," which result in different penalties and entitled him to an acquittal on the attempted murder charge. Howard's argument also has no arguable merit. The State presented evidence at trial that supported a conclusion that Howard purposely or knowingly engaged in conduct that, if successful, would have constituted or resulted in the murder of Conley, as defined in R.C. 2903.02(A). The jury was properly instructed on the charge of attempted murder based on R.C. 2903.02(A). R.C. 2923.02(E)(1) provides that an attempt to commit murder is a felony of the first degree, and Howard's sentence was within the statutory range for that offense. *See* former R.C. 2929.14(A)(1). Howard's claim that he was entitled to an acquittal on the attempted murder charges is frivolous.

{¶ 38} Howard raises a similar argument regarding the aggravated robbery charge. Howard states: "The aggravated robbery statute under 2911.01(A) prohibits and [sic] attempted theft and theft at the same time and merit[s] a penalty as a first-degree felony and the maximum sentence of 11 years. Yet a conviction for the same offense

under R.C. 2923.02(A) merits a maximum sentence of only 8 years."

{¶ 39} Count Two of the indictment charged Howard with aggravated robbery, in violation of R.C. 2911.01(A)(1), a felony of the first degree. That statute provides:

(A) No person, *in attempting or committing* a theft offense, as defined in

section 2913.01 of the Revised Code, or in fleeing immediately after the

attempt or offense, shall do any of the following:

(1) Have a deadly weapon on or about the offender's person or under the

offender's control and either display the weapon, brandish it, indicate that

the offender possesses it, or use it[.]

(Emphasis added.) Count Two of the indictment did not mention the attempt statute, and the trial court properly did not instruct jury on the attempt statute regarding Count Two. In sum, the record reflects that the attempt statute had no role in Howard's aggravated robbery conviction. Howard has not presented an arguably meritorious claim that he was improperly convicted of aggravated robbery as a felony of the first degree.

{¶ 40} Finally, Howard claims that the errors in the State's evidence at trial, the trial court's jury instructions on the charges of attempted murder and aggravated robbery, and ineffective assistance of counsel resulted in "structural constitutional defects." For the reasons stated above, Howard's claim of "structure constitutional defects" is frivolous.

**Conclusion**

{¶ 41} We have reviewed the entire record and have found no potentially meritorious appellate issues. Having found no non-frivolous issues for appeal, appellate counsel is permitted to withdraw, and the judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.


Copies sent to:

Ian Richardson
Andrew Schlueter
Cecil W. Howard
Hon. Douglas M. Rastatter